## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GLINDA F. HARRIS

      Plaintiff

vs.

PINNACLE CREDIT SERVICES, LLC
TODD STRIKER

      Defendants

CIVIL ACTION NO.:  1:12-CV-01384-ELH

## <u>ANSWER TO COMPLAINT</u>

Your Defendant, Pinnacle Credit Services, LLC, by and through counsel, in answer to the Complaint filed herein states as follows:

1. The allegations in Paragraph 1 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

6. The allegations in Paragraph 6 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint.

8.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10.     In answer to the allegations in Paragraph 10 of the Complaint, Defendant avers that the contents of the Notice to sue represent the best evidence as to the meaning of the letter.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     In answer to the allegations in Paragraph 12 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

13.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Upon information and belief, Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

16.     The allegations in Paragraph 16 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

17.     The allegations in Paragraph 17 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

18.     In answer to the allegations in Paragraph 18 of the Complaint, Defendant avers that it was the lawful assignee of Plaintiff's debt incurred with Bank First and was pursuing collection of that account against the Plaintiff.

19.     In answer to the allegations in Paragraph 19 of the Complaint, Defendant admits that Plaintiff did not give her consent for Defendant to obtain her consumer credit report but denies that the Plaintiff's consent was required based on the fact that it had a permissible purpose to obtain such report.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     In answer to the allegations in Paragraph 22 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

23.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint.

24.     Upon information and belief, Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

26.     The allegations in Paragraph 26 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

27.     The allegations in Paragraph 27 of the Complaint set forth a legal conclusion for which an answer either admitting or denying the assertions is not required.

28.     In answer to the allegations in Paragraph 28 of the Complaint, Defendant avers that it was the lawful assignee of Plaintiff's debt incurred with Bank First and was pursuing collection of that account against the Plaintiff.

29.     In answer to the allegations in Paragraph 29 of the Complaint, Defendant admits that Plaintiff did not give her consent for Defendant to obtain her consumer credit report

but denies that the Plaintiff's consent was required based on the fact that it had a permissible purpose to obtain such report.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. In answer to the allegations in Paragraph 32 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

33. Defendant is without sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint.

34. In answer to the allegations in Paragraph 34 of the Complaint, Defendant admits that, at times, it engages in the collection of consumer debts purchased after default but is without sufficient information to admit or deny whether the debt incurred by the Plaintiff was a consumer obligation.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. In answer to the allegations in Paragraph 36 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

37. In answer to the allegations in Paragraph 37 of the Complaint, Defendant is without sufficient information to admit or deny that Plaintiff falls within the definition of a person under the Maryland Consumer Debt Collection Act on the basis it is without sufficient information to admit or deny whether the Plaintiff incurred a consumer transaction in connection with the debt acquired by the Defendant.

38. In answer to the allegations in Paragraph 38 of the Complaint, Defendant admits that it is a collector under the Maryland Consumer Debt Collection Act but is without

sufficient information to admit or deny that the debt incurred by the Plaintiff was a consumer transaction as defined by that statute.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

WHEREFORE, your Defendant prays that this Honorable Court dismiss this matter and award all costs, expenses and attorney fees to the Defendant.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:    (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by First Class Mail, postage prepaid on this 11th day of June, 2012 to:

Glinda F. Harris
2221Cedley Street
Baltimore, Maryland 21230
*Pro Se Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*