IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLINDA F. HARRIS<br><br>    Plaintiff<br><br>vs.<br><br>PINNACLE CREDIT SERVICES, LLC<br>TODD STRIKER<br><br>    Defendants | CIVIL ACTION NO.:  1:12-CV-01384-ELH |

**DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

Your Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), by and through counsel, opposes Plaintiff's Motion for Default Judgment (ECF No. 8) and as grounds states as follows:

1. Plaintiff, appearing *pro se*, filed a Complaint against Pinnacle Credit Services, LLC on May 7, 2012 (ECF No. 1).

2. Pinnacle was served on May 23, 2012.  (ECF No. 4).  Accordingly, its answer was due to be filed on June 13, 2012.

3. On June 11, 2012, Plaintiff conferred with Tina Vincelli, an attorney with Seiler Schindel, PLLC, counsel to Pinnacle.

4. Although Ms. Vincelli is not licensed to practice in this jurisdiction, she engaged in settlement negotiations with Ms. Harris and as is evidenced by the attached e-mail (Exhibit 1) the Plaintiff agreed to await further word from Ms. Vincelli "regarding settlement before it proceed with litigation."

5. Despite this assurance, and during the pendency of further negotiations with Ms. Vincelli, the Plaintiff moved for entry of default by the Clerk of Court (ECF No. 5), asserting that Pinnacle has failed to answer.

6. Given this unforeseen turn of events, Pinnacle answered the Complaint (ECF No. 6).

7. Notwithstanding Pinnacle's answer, Plaintiff has now moved for entry of a default judgment pursuant to Fed.R.Civ.P. 55(b)(1).

8. Even after a default has been entered unlike the present posture of this case, a motion to vacate that default is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Colleton Preparatory Academy, Inc., v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) (internal citations omitted).

9. Here, where there is evidence that Plaintiff agreed not to proceed with litigation while negotiating with Defendant, but nonetheless asked the Clerk for entry of default and, after Pinnacle answered, moved for a default judgment to be entered by the Court, this Court should exercise its discretion and deny the motion for default judgment. *See, e.g.,, Karagiannopoulos v. City of Lowell*, 305 Fed. Appx. 64 at *1 (4th Cir. Dec. 12, 2008).

WHEREFORE, your Defendant prays that this Honorable Court deny Plaintiff's Motion for Default Judgment.

          THE LAW OFFICES OF RONALD S. CANTER, LLC

          /s/ Ronald S. Canter
          Ronald S. Canter, Esquire
          200A Monroe Street, Suite 104
          Rockville, Maryland 20850
          Telephone:  (301) 424-7490
          Facsimile:   (301) 424-7470
          E-Mail:  rcanter@roncanterllc.com
          *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by First Class Mail, postage prepaid on this 24th day of July, 2012 to:

          Glinda F. Harris
          2221Cedley Street
          Baltimore, Maryland 21230
          *Pro Se Plaintiff*

          /s/ Ronald S. Canter
          Ronald S. Canter, Esquire
          *Attorney for Defendant*