United States District Court
District Of Maryland

Chambers of
Ellen Lipton Hollander
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 14, 2012

MEMORANDUM

Re:   *Harris v. Pinnacle Credit Services, LLC*
      Civil Action No. ELH-12-01384

Dear Ms. Harris and Counsel:

On May 7, 2012, plaintiff Glinda F. Harris, who is self-represented, filed suit against defendant Pinnacle Credit Services, LLC ("Pinnacle"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code (2005 Repl. Vol.) Com. Law ("C.L.") § 14-201 *et seq.* *See* Complaint (ECF 1). The docket reflects that Pinnacle was served on May 23, 2012, and should have filed an answer to the Complaint by June 13, 2012. *See* ECF 4. No answer was filed at that time.

On July 9, 2012, plaintiff moved for an order of default, pursuant to F.R. Civ. P. 55(a), which remains pending. *See* ECF 5. On July 11, 2012, Pinnacle filed an answer. *See* ECF 6. Nonetheless, on July 18, 2012, plaintiff filed a "Motion For Default Judgment" ("Motion," ECF 8), pursuant to F.R. Civ. P. 55(b)(1), to which defendant responded ("Opposition," ECF 10). Plaintiff then filed a reply ("Reply," ECF 11). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Defendant asserts that, prior to the filing of ECF 5 and ECF 8, plaintiff "conferred with Tina Vincelli, an attorney with Seiler Schindel, PLLC, counsel to Pinnacle," who is "not licensed to practice in this jurisdiction…." Opposition ¶¶ 3-4. Plaintiff and Vincelli engaged in settlement negotiations. *Id.* ¶ 4. Defendant has appended, as defendant's Exhibit 1, a copy of an email chain between Vincelli and Harris, in which the two discussed the possibility of settlement.

On June 11, 2012, Vincelli sent an email to Harris, indicating that she would transmit Harris's settlement demand to Pinnacle, and stating: "While we are negotiating settlement, I trust that you will not file any motions with the court and that the responsive pleading deadline is extended. Thank you for your continued courtesies." *Id.* Harris replied that same day, stating: "I will wait to hear back from you regarding settlement before I proceed with litigation." *Id.* Notwithstanding her representation, plaintiff filed ECF 5 on July 9, 2012.

In defendant's view, "where there is evidence that Plaintiff agreed not to proceed with litigation while negotiating with Defendant, but nonetheless asked the Clerk for entry of default

and, after Pinnacle answered, moved for a default judgment…, this Court should exercise its discretion and deny the motion for default judgment." Opposition at 2. Defendant posits: "Even after a default has been entered[,] unlike the present posture of this case, a motion to vacate that default is to be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* (quoting *Colleton Preperatory Academy, Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 420 (4th Cir. 2010) (internal citations omitted)).

In her Reply, plaintiff explains that she moved for an order of default because she attempted to contact Vincelli on several occasions, but Vincelli failed to respond, and had ample time to do so. Plaintiff appended a copy of an email she wrote to Vincelli on June 19, 2012, to which plaintiff did not receive a response. *See* Reply ¶ 5; plaintiff's Exh. A. And, plaintiff has appended telephone logs indicating that she called Vincelli on June 18, 2012; June 20, 2012; and June 21, 2012, but did not converse with Vincelli on any of those occasions. *See* Reply ¶ 6; plaintiff's Exh. B. In plaintiff's view, "Defendant exhibited lack of response…and therefore their Opposition to Motion for Default Judgment should be denied." *See* Reply ¶ 12.

Plaintiff has not explained why she filed a motion for default judgment after defendant filed an answer. Nor has she explained why she is entitled to relief on the merits. Notably, "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Put another way, "liability is not deemed established simply because of the default, and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A Wright, Miller & Kane, Federal Practice & Procedure, § 2688, at 60-61 (3d ed. 1998).

In any event, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Here, defendant has not been unresponsive. The parties engaged actively in settlement talks, and defendant promptly filed an answer when it became apparent that plaintiff had decided not to "wait to hear back from [Pinnacle] regarding settlement before [she would] proceed with litigation." Moreover, the Fourth Circuit has expressed a strong preference that, as a matter of policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417.

In my view, a default judgment would be wholly inappropriate under the circumstances attendant here. Accordingly, the Motion (ECF 8) is DENIED.

Despite the informal nature of this letter, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge