IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLINDA F. HARRIS<br><br>    Plaintiff<br><br>vs.<br><br>PINNACLE CREDIT SERVICES, LLC<br><br>    Defendant | CIVIL ACTION NO.:  1:12-CV-01384-ELH |

**DEFENDANT PINNACLE CREDIT SERVICES, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Your Defendant, Pinnacle Credit Services, LLC, by and through counsel, files its Reply Brief in response to Plaintiff's opposition to its Motion for Summary Judgment and states as follows:

**I.     BACKGROUND**

Plaintiff, Glinda Harris, proceeding *pro se*, filed a four count Complaint against Pinnacle Credit Services, LLC ("Pinnacle") asserting causes of action under Federal and state consumer protection laws. The focus of her claims concern Pinnacle's conduct in obtaining Plaintiff's credit report allegedly without a permissible purpose. (¶ 9).

Ms. Harris complains that as a result to this perceived unauthorized access to her credit profile, Pinnacle violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, et. seq. (Counts I and II); the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, et. seq. (Count III); and the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann. Comm. Law, §14-201, et. seq. (Count IV).[1]

---

[1] Plaintiff has mistakenly labeled this as "Count V."

1

Pinnacle moved for summary judgment and provided the affidavit of its Chief Operating Officer, Robert Schofield verifying that Pinnacle acquired, by assignment, Ms. Harris' delinquent credit card account originally incurred with Bank First.  Mr. Schofield's Affidavit explained that "subsequent to the acquisition of Ms. Harris' delinquent credit card account, in connection with its (Pinnacle's) efforts to pursue collection of Plaintiff's account, Pinnacle permissibly collected data from Experian, which in turn placed a 'soft- pull' that appeared on Plaintiff's credit bureau report on or about May 19, 2011." (Robert Schofield Affidavit, ECF No. 17-2, ¶ 8).

The Plaintiff has opposed Pinnacle's motion claiming that Mr. Schofield's Affidavit is insufficient to show that Pinnacle is the owner of her overdue credit card debt.  She contends that Mr. Schofield's Affidavit did not show that how Pinnacle acquired her account from Fourscore Resource Capital, LLC or how Fourscore previously acquired an interest in her account.  ( ECF. NO. 24 at ¶¶ 2, 3).  To the extent this objection relates to the fact that Pinnacle inadvertently failed to file Exhibit 1 as an attachment to Mr. Schofield's Affidavit, this oversight has been corrected and Exhibit 1 has now been electronically filed. See, ECF. No. 28.

**II.     PLAINTIFF HAS CURED THE INADVERTENT OVERSIGHT IN FAILING TO ATTACH THE DOCUMENT EVIDENCING THE TRANSFER OF MS. HARRIS' ACCOUNT**

The Plaintiff objects to the affidavit provided in support of Defendant's Motion for Summary Judgment by pointing out that nothing in the affidavit established Pinnacle's ownership of the account and/or a transfer from its predecessor.  This oversight has been corrected by the filing of Exhibit 1 as an attachment to Mr. Schofield's Affidavit (ECF. No. 28) and, accordingly, this objection should not preclude the entry of summary judgment.

**III.    IT IS UNDISPUTED THAT PINNACLE ACTED IN GOOD FAITH IN OBTAINING THE PLAINTIFF'S CREDIT REPORT**

The genesis of Plaintiff's objection to Defendant's Motion for Summary Judgment is that Pinnacle has not provided sufficient evidence, for summary judgment purposes, that it was the lawful owner of her credit card account. However, the Plaintiff cannot generate a genuine issue of material fact that would negate proof that Pinnacle had a good faith belief that it owned the account. Instead, Pinnacle has adduced undisputed evidence, in the form of Mr. Schofield's Affidavit verifying the nature of Pinnacle's business as a purchaser of delinquent consumer accounts and explaining the process by which Pinnacle acquired Ms. Harris' account through assignment.

Even if Pinnacle somehow did not acquire Ms. Harris' account, either through a defect or lapse in the chain of title of assignments, an assertion empathetically denied by Pinnacle, Mr. Schofield's Affidavit establishes, as a matter of law, Pinnacle's good faith in obtaining Ms. Harris' report. In this circumstance, "even where (a party has) made a good faith mistake in pulling a consumer report, there is no FCRA violation." *Boston v. Leading Edge Recovery Solutions, LLC*, 2010 WL 6018178, *2 (W.D.N.C. Dec. 3, 2012), *citing Beckstrom v. Direct Merchant's Credit Card Bank,* 2005 WL 1869107 (D.Minn. 2005) and *Shah v. Collecto, Inc.*, 2005 WL 2216242 (D.Md. Sept. 12, 2005); *see also, Korotki v. Attorney Servs. Corp., Inc.,* 937 F.Supp. 1269, 1276 (D.Md. 1996) ("so long as a user has reason to believe that a permissible purpose exist, that user may obtain a consumer report without violating the FCRA"), *citing Zeller v. Samia*, 758 F.Supp. 775, 781-82 (D.Mass. 1991) (holding that a defendant who merely had reason to believe a debt was owed, but did not have conclusive proof of that fact, had a permissible purpose in obtaining the alleged debtor's credit report).

IV. **CONCLUSION**

Pinnacle is entitled to summary judgment because it has established its ownership of Plaintiff's delinquent debt and thereby had a permissible purpose to obtain her credit report.

However, even if this Court determines that Pinnacle's proof of ownership of the debt is somehow lacking for summary judgment purposes, it remains undisputed that Pinnacle believed it owned the account. This belief justifies its good faith, as a matter of law, in obtaining the Plaintiff's credit report.

For these reasons, Pinnacle's Motion for Summary Judgment should be granted.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by First Class Mail, postage prepaid on this 21st day of December, 2012 to:

Glinda F. Harris
2221Cedley Street
Baltimore, Maryland 21230
*Pro Se Plaintiff*


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*